FILED

NOT FOR PUBLICATION

FEB 27 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ARMIDA RIVERA,

          Plaintiff - Appellant,

  v.

RECONTRUST COMPANY, NA, a
wholly owned subsidiary of Bank of
America, NA; et al.,

          Defendants - Appellees.

No. 12-16474

D.C. No. 2:11-cv-01695-KJD-PAL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted February 17, 2015[**]

Before:    O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

    Armida Rivera appeals pro se from the district court's judgment dismissing her action arising from foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court did not abuse its discretion by dismissing Rivera's action on the basis of judicial estoppel because Rivera's position in her complaint is clearly inconsistent with her statement in the bankruptcy court, and the bankruptcy court accepted her prior position in granting her a discharge. *See Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782-83 (9th Cir. 2001) (setting forth the standard of review and explaining the doctrine of judicial estoppel). Accepting Rivera's current, inconsistent position would provide her with an unfair advantage in light of the bankruptcy discharge. *See id.* at 782 ("Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position.").

**AFFIRMED.**